UNITED STATES of America,
Plaintiff–Appellee,

Charles M. Carberry, Appellee,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, et al.,
Defendants,

Michael C. Bane, Appellant.

Docket No. 02–6153..

United States Court of Appeals,
Second Circuit.

March 13, 2003.

William M. Donovan, Donovan & Mordell, Rochester, MI, for Appellant.

Meredith E. Kotler, Assistant United States Attorney, (James B. Comey, United States Attorney for the Southern District of New York, Gideon A. Schor, Assistant United States Attorney, on the brief), New York, NY, for Appellee United States of America.

Todd R. Geremia, Jones, Day, Reavis & Pogue, New York, NY, for Appellee Charles M. Carberry.

Present: HWALKER, Chief Judge, JACOBS, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendant-appellant Michael C. Bane appeals from the district court's April 18, 2002 judgment affirming the Internal Review Board's ("IRB") decision to permanently bar Bane from membership in or employment by the International Brotherhood of Teamsters ("IBT"). On appeal, Bane principally argues that the IRB decision should be overturned because (1) there was insufficient evidence that he gave intentionally misleading testimony to the IRB, and (2) the IRB impermissibly relied on unreliable hearsay evidence. Bane also argues that the penalty was disproportionate and that he did not receive Due Process. We disagree.

The IRB was established in 1991 as part of the Consent Decree which resolved claims brought by the United States against the IBT. *See United States v. Int'l Bhd. of Teamsters,* 803 F.Supp. 761, 768–69 (S.D.N.Y.1992). The Consent decree "empowers the IRB to eradicate corruption in the IBT." *Id.* In particular, the Consent Decree directs the IRB to investigate, *inter alia,* "any allegations of know-

ing association with members of La Cosa Nostra" and "any failure to cooperate fully with the IRB in any investigation." During an investigation into associations Bane may have had with members of La Cosa Nostra, the IRB determined that Bane had given intentionally misleading testimony and therefore had failed to cooperate.

We apply the Administrative Procedure Act's deferential standard of review to IRB decisions. *See United States v. Int'l Bhd. of Teamsters ("Carey & Hamilton"),* 247 F.3d 370, 379–80 (2d Cir.2001). We can overturn an IRB action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A). We review the IRB's findings of facts under the deferential "substantial evidence" test. *See Carey & Hamilton,* 247 F.3d at 380.

■ The IRB found that Bane gave misleading testimony concerning his knowledge of and association with Vincent Meli, Vito William Giacalone, Anthony LaPiana, Jr., and Nove Tocco. On appeal, Bane argues that the evidence presented by the IRB was insufficient because he had simply testified that he did not recall associating with the individuals he was questioned about and because the IRB provided no evidence that he in fact remembered the incidents. However, in his testimony Bane did not merely indicate that he could not remember; Bane asserted that events had not taken place or provided definite characterizations of the events or asserted that he did not know the individuals. Because Bane's testimony directly conflicted with evidence presented by the IRB, we find that there was substantial evidence supporting the IRB's determination that Bane gave misleading testimony.

■ Bane argues that the IRB decision was based on unreliable hearsay evidence. Reliable hearsay is admissible in proceedings before the IRB and IBT. *See United*

*States v. Int'l Bhd. of Teamsters ("DiGirlamo"),* 19 F.3d 816, 823 (2d Cir.1994). Hearsay statements may be found reliable if they corroborate one another or include specific details. *Id.* In its opinion, the IRB relied on the hearsay statements of Nove Tocco. We find these statements were reliable because they were detailed and were corroborated by eyewitness testimony and taped telephone conversations.

We have considered Bane's additional arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**